IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | **CRIMINAL NO: 3:24-CR-8-TES** |
| | : | |
| **DIEGO IBARRA,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## PROTECTIVE ORDER GOVERNING DISCOVERY

For the reasons set forth in the United States' Unopposed Motion for Protective Order Governing Discovery filed on May 6, 2024, **IT IS HEREBY ORDERED**, pursuant to Federal Rule of Criminal Procedure 16(d) that:

**1.**

The discovery material provided by the United States to defense counsel in the above referenced case, will be used by the defendant and defendant's counsel solely for purposes related to the defense of this criminal case.

**2.**

The discovery material provided by the United States, regardless of whether such material has been produced pursuant to Rule 16 or otherwise, shall not be further disseminated by defense counsel or the defendant to any individual, organization, or other entity, other than:

1) To members of the defense team (co-counsel, paralegals, investigators, litigation support personnel, and secretarial staff);

2) Experts or consultants retained to assist in the preparation of the defense, and then only if such information is necessary to that preparation; and

3)  The Court.

Upon any dissemination of the materials and information containing the confidential, sensitive, or protected information identified herein, defense counsel will inform the recipient of the requirement to maintain the confidentiality of the information conveyed.

**3.**

Defense counsel and any investigators may display copies of any discovery materials to non-expert witnesses if it is determined that it is necessary to do so for the purpose of preparing the defense of the case and may do so without any notice to the United States. However, the defense team may only show copies of the discovery material in the presence of the defense team, if the witnesses agree that they will not disseminate information in the documents or recordings and provide that the defense team retrieves all copies of the discovery material from the witnesses after the meeting.

**4.**

The defendant may not be given copies of any discovery material. The defendant may review the discovery material while in the presence of the defense team, but the defense team must maintain custody and control of the discovery material. If defense counsel determines there is need for the defendant to have access to the discovery material outside the presence of the defense team, defense counsel may petition the court *ex parte* for permission to do so.

**5.**

If defendant's counsel desires to disclose any portion of the discovery material to any other person counsel may advise counsel for the United States and seek its consent or may petition the court *ex parte* for permission to do so.

**6.**

This order shall survive the termination of this action, and upon termination of this action and after the time for appeal and/or post-conviction (i.e., habeas corpus or collateral attack under 18 U.S.C. § 2255) has expired, counsel for the defendant shall return all copies of the discovery material to the United States, shall certify that said documents have been destroyed, or, to the extent counsel deems it necessary to maintain any part of discovery, shall be governed by this order and certify that the discovery material is stored in a way that makes any discovery material inaccessible to any third parties and provide a document destruction date.

**SO ORDERED** this _7th_ day of May, 2024.

_s/Tilman E. Self, III_____
TILMAN E. SELF, III
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF GEORGIA

Presented by:

*/s/ Michael Morrison*
MICHAEL MORRISON
Georgia Bar No. 153001
Assistant U.S. Attorney
Middle District of Georgia
P.O. Box 1702
Macon, GA  31202-1702
Telephone: 478-752-3511
Email: mike.morrison@usdoj.gov